[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This case came before the undersigned on September 6, 1996 for trial. The plaintiff's attorney pointed out to the Court that the defendant had been defaulted prior to the time that he had filed his answer. The Court re-opened the default without objection. The plaintiff makes claim for the balance due on the sale of certain restaurant equipment sold to the defendant. The parties signed a "sales agreement", (plaintiff's Exhibit 1) and acknowledged that the total sales price was $8,500.00. A deposit of $5,000.00 was made, and the balance was to be paid in 24 monthly installments of $161.52 each. The evidence showed that one payment of $168.00 was made, and that the balance was not paid. The defendant testified that he did not closely examine the refrigeration cases before he agreed to purchase them as they were located at the plaintiff's garage. He stated that after the cases were installed in his new store that he found that the glass in one case was damaged from condensation and that the cases leaked. He presented pictures in evidence to demonstrate these problems.
The items purchased were used equipment. There was no question that the CT Page 5495-H defendant had the opportunity to examine it before he purchased it or to have someone with some expertise examine it before he agreed to purchase. He states that it was so situated in the plaintiff's garage that it was impossible to fully examine it before it was moved and that he was relying on the representations of the plaintiff that it was in good condition. Unfortunately there was nothing in the agreement which indicated that there were any guarantees in connection with the equipment sold. Even if the court found that these representations were in fact made by the plaintiff and that the equipment was other than it was represented to be, there was no evidence presented by the defendant to show the cost of remedying or repairing the "defective" equipment. It was the defendant's burden to prove that the guarantees were in fact made, that the equipment was not as represented and that defendant suffered a quantified loss in dollars and cents that should be deducted from the balance owed the plaintiff. The defendant did not sustain his burden with respect to any of his claims. The Court will therefore find that the plaintiff has sustained its burden and render Judgement in his favor in the amount of $3708.48 (24 payments of $161.52 or $3876.48 — with a credit of one payment of $168.00- or $3708.48) plus costs of $180.00.
PELLEGRINO, J.